John S. Delikanakis, Esq.
Nevada Bar No. 5928
Michael Paretti, Esq.
Nevada Bar No. 13926
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
jdelikanakis@swlaw.com
mparetti@swlaw.com

Adam J. Rader, Esq.
(*Pro Hac Vice Forthcoming*)
Lawrence A. Steckman, Esq.
(*Pro Hac Vice Forthcoming*)
OFFIT KURMAN, P.A.
10 East 40th Street
New York, New York 10016
Telephone: (347) 589-8514
Facsimile: (347) 589-8535
arader@offitkurman.com
lsteckman@offitkurman.com

*Attorneys for Plaintiff Glenn Little*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLENN LITTLE,<br><br>    Plaintiff,<br><br>vs.<br><br>CHINA GREEN AGRICULTURE, INC.; ZHUOYU LI; LIANFU LIU; YONCHENG YANG; and, JOHN DOES 1-10<br><br>    Defendants. | Case No. 2:19-cv-1756<br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND SHAREHOLDER OPPRESSION**<br><br>**JURY TRIAL DEMANDED** |

    By and through its undersigned counsel, Plaintiff Glenn Little, alleges the following against China Green Agriculture, Inc. ("CGA" or the "Company") and certain of the Company's executive officers (the "Individual Defendants").

**PRELIMINARY STATEMENT/NATURE OF THE ACTION**

Plaintiff Glenn Little files this suit for breach of fiduciary duty against defendant China Green Agriculture Inc. ("CGA") for engaging in a dilutive scheme which damaged minority stockholders, including Mr. Little. Such actions included a series of private placements to entities, without disclosed ownership, at a discount to Book Value in excess of 90% (the "Private Placements") and then, refusing to respond to shareholders inquiring as to the dilutive effect of these subject transactions. Plaintiff seeks damages in excess of $1 million.

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this matter under 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. The Plaintiff, Mr. Little, is a resident of Texas and the Defendant CGA is incorporated in Nevada and based in the People's Republic of China, while the Individual Defendants all reside in the People's Republic of China. Accordingly, there is complete diversity, i.e., the Plaintiff is not from the same state as any of the Defendants.

2. This Court has personal jurisdiction over CGA and its executive officers because CGA is incorporated in Nevada. The Individual Defendants are subject to personal jurisdiction under Nev. Rev. Stat. § 14.065(1) based on their conduct affirmatively directed toward Nevada and a Nevada corporation and pursuant to Nev. Rev. Stat. § 78.135(1) which permits actions against officers or directors of a Nevada corporation for violation of their authority.

3. Venue in the District of Nevada is appropriate pursuant to 28 U.S.C. § 1391 because CGA is incorporated in the state of Nevada.

**PARTIES**

4. Plaintiff Glenn Little, as detailed below, invested in CGA prior to the time periods complained of in this pleading. At the time of the misconduct alleged, Mr. Little owned 180,000 CGA common shares. To avoid this lawsuit, Mr. Little, personally (and later by his counsel), made efforts, detailed below, to obtain information from CGA's Management to determine why the referenced Private Placements were made at a greater than 90% discount. CGA's Management

1  failed to respond to either him and subsequently to counsel. In aggregate and at all relevant times,
2  Mr. Little has owned 180,000 CGA shares.

3     5.   CGA is a public company, traded on the New York Stock Exchange, engaged in
4  research, development, manufacture and distribution of fertilizers. It ceased investor relation
5  activities in 2018 and, as of May 2019, has not held an earnings call for several quarters.  Neither
6  CGA's financial statements nor its SEC filings provide any reasonable basis for the severely
7  discounted Private Placements, as alleged below, nor has the Company provided any basis for its
8  failure to respond to multiple investor inquiries.

9     6.   The Individual Defendants, Zhuoyu Li, Lianfu Liu and Yongcheng Yang are CGA
10 executive officers.

11    7.   John Does 1-10 are CGA executive officers whose identities are as yet unknown.

## BACKGROUND

## THE PRIVATE PLACEMENTS

14    8.   CGA's last filed financial statement, dated March 31, 2019 and a Form 8K report
15 dated May 15, 2019, indicate CGA recently conducted three Private Placements of CGA common
16 shares all at discounts to Book Value of 90%.  All calculations are based on the recent March 31,
17 2019 and May 15, 2019 filings.

18    9.   The first Private Placement was made on or April 25, 2019 and 6,000,000 common
19 shares were issued at a share price of $1.00.  As Book Value was $10.20, the discount was 90% to
20 Book Value. ($1 divided by $10.20 =.098) (1-.098 = 90.2).

21    10.  The second Private Placement was made on May 10, 2019 and 2,270,000 common
22 shares were issued at a share price of $1.00.  As Book Value, at the time was $10.20 the discount
23 was 90% to Book Value. ($1 divided by $10.20 =.098) (1-.098 = 90.2) This placement was
24 completed without the filing of a Form 8K indicating the identities of the referenced "certain third-
25 party individuals" or the Securities Purchase Agreement.

26    11.  The third Private Placement was made on August 16, 2019 and 5,652,000 shares
27 were issued at a share price of $1.00. As Book Value, at the time was $10.20 the discount was 90%
28 to Book Value. ($1 divided by $10.20 =.098) (1-.098 = 90.2)

- 3 -

12. Due to these Placements, company assets increased CGA's Book Value from the $403,657,917 to $417,579,917 ($13,922,000 net increase) or an increase of 3.4 percent (.034).

13. The number of CGA shares outstanding increased from 39,546,945 to 53,468,945 or an increase in the number of outstanding shares of 35 percent (.35).

14. Due to the severely discounted pricing of these Private Placements, CGA's Management sold 35% of the Company shares while increasing the assets only 3.4%.

15. These discounted Private Placements caused CGA's Book Value, to decline from $10.20 to $7.80 per common share, a decline of 23.5% ($2.40 per share) Book Value.

16. At the time of the alleged misconduct, Mr. Little owned 180,000 shares.

17. Mr. Little's loss, based on the decrease of Book Value of his shares, is $432,000.

## LACK OF ANY PLAUSIBLE BASIS FOR THE DISCOUNTS

18. CGA is well-funded and has more funds than it needs for operational use.

19. Neither CGA's financial statements nor its SEC filings to date indicate any company financial stress or expansion of operations that would require financing.

20. CGA engaged in the Private Placements without disclosure of the identities of the acquirer's principal stockholders or officers - nor of a relationship, if any, of the placement purchasers' officers, directors and/or stockholders to CGA's Management and insider stockholders.

## PLAINTIFF'S EFFORTS TO OBTAIN INFORMATION TO NO AVAIL

21. Unable to identify any basis for the Private Placements in Company's financial statements and SEC filings, Mr. Little sought such information directly from the Company.

22. On July 12, 2019, Mr. Little sent a letter to CGA, seeking answers to why the Private Placements were conducted at such a steep discount to Book Value, Exhibit 1. The letter was delivered to CGA by FedEx on July 17, 2019. CGA's Management failed to respond.

23. Mr. Little had previously attempted to contact CGA's Management by email directed to a specific email address noted in the Company's filings for investors, Exhibit 2, but no reply was received.

24. Mr. Little, having failed to receive any response to his own attempts to obtain answers from CGA, asked counsel to send a letter to CGA's Management to try to determine to why the Private Placements were conducted at such a severe discount.

25. On August 8, 2019, Mr. Little's attorneys wrote to CGA's Management demanding a response to Mr. Little's prior letters, Exhibit 3.  No response was received.

26. On August 19, 2019, Mr. Little's attorneys re-sent their August 8, 2019 correspondence to CGA's Management, by email, along with proof of FedEx delivery of said correspondence, again demanding a response, Exhibit 4.

27. CGA's Management did not respond to counsel's inquiry letter.

**FIRST CAUSE OF ACTION**
**(Breach of Fiduciary Duty and Corporate Waste)**

28. Plaintiff repeats and realleges the above allegations, as if set forth fully herein.

29. CGA and its managers owed minority shareholders fiduciary duties of loyalty.

30. The Individual Defendants were and are required to use their abilities to control and manage CGA in a fair, just and equitable manner to ensure Company compliance with applicable laws and contractual obligations, to refrain from abusing their positions of control, and not favor their own interests at the expense of CGA and its minority shareholders.

31. CGA and the Individual Defendants violated their fiduciary duties to Mr. Little and other minority shareholders, including, without limitation, their duties of care, good faith, honesty and loyalty, in making the severely discounted placements.

32. CGA's wrongful conduct was not due to an error in judgment, but Defendants' bad faith and/or reckless disregard of Mr. Little's and CGA minority shareholders' rights.

33. Defendants acted without the reasonable and ordinary care in violation of duties owed to CGA minority shareholders by conducting the Private Placements at a discount of more than 90% to Book Value, knowingly engaged in severely dilutive conduct. without justification.

34. CGA's Private Placements and the dilution CGA foreseeably and directly caused was the proximate cause of Mr. Little's financial injury for which he seeks recovery herein.

35. Mr. Little has been damaged in an amount of $432,000, representing the diminution in the Book Value of his shares as a result of Defendants' breach of fiduciary duties.

**SECOND CAUSE OF ACTION**
**(Minority Shareholder Oppression-Wrongful Deprivation of Shareholder Interests)**

36. Plaintiff repeats and realleges the above allegations, as if fully set forth herein.

37. Defendants have engaged in burdensome, harsh and wrongful conduct demonstrating a lack of probity and fair dealing in CGA affairs.

38. Defendants' conduct has prejudiced Mr. Little and other minority shareholders and represents a visible departure from the standards of fair dealing and a violation of fair play on which each shareholder is entitled to rely.

39. CGA Management's conduct, constituting minority shareholder oppression, and the dilution it caused, were the proximate cause of Mr. Little's financial injury for which he seeks recovery herein.

40. Mr. Little has been damaged in an amount of $432,000 representing the diminution in the Book Value of Mr. Little's shares as a result of Defendants' shareholder oppression and wrongful deprivation of shareholders' interests.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. Awarding general damages of $432,000 or more as the U.S. District Court may deem proper;

2. Awarding punitive damages at the maximum amount permitted by law;

3. Awarding pre-judgment interest, as well as reasonable attorneys' fees and other costs, as permitted by law; and

4. Awarding such other and further relief as this Court may deem just and proper.

///
///
///
///

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury for all issues.

DATED: October 9, 2019　　　　　SNELL & WILMER L.L.P.

By: */s/ Michael Paretti*
　　John S. Delikanakis, Esq.
　　Nevada Bar No. 5928
　　Michael Paretti, Esq.
　　Nevada Bar No. 13926
　　3883 Howard Hughes Parkway, Suite 1100
　　Las Vegas, Nevada 89169

　　Adam J. Rader, Esq.
　　(*Pro Hac Vice Forthcoming*)
　　Lawrence A. Steckman, Esq.
　　(*Pro Hac Vice Forthcoming*)
　　OFFIT KURMAN, P.A.
　　10 East 40th Street
　　New York, New York 10016

　　*Attorneys for Plaintiff Glenn Little*

## **INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Letter from G. Little to China Green Agriculture, Inc. | 5 |
| 2 | June 11, 2019 Email from G. Little to CGA's Management | 4 |
| 3 | August 8, 2019 Letter from L. Steckman to CGA's Management | 6 |
| 4 | August 19, 2019 Email from A. Rader to CGA's Management | 13 |

4849-1308-4841